CROSS, Judge,
dissenting:
I respectfully dissent.
I fear the majority seeks to place the administrative convenience of the office of the State’s Attorney above the constitutionally recognized right of every citizen to be free from unwarranted criminal prosecution. Rule 3.140(g), Fla.R.Crim.P., requires that each designated assistant state attorney who files an information charging the commission of a felony must declare in writing, under oath that “he has received testimony under oath from the material . witnesses for the offense.” The English language allows for no greater clarity of expression than that embodied in the foregoing provision. Yet the majority *681 today has determined that the words as adopted by our Florida Supreme Court are not intended to convey their ordinary meaning.
Those charged with the responsibility of adopting rules of procedure in criminal matters have in their wisdom determined that when the commission of a felony is charged, a greater burden be placed on the charging officer. The obvious intent of Rule 3.140(g) is to single out one category of crimes, felonies, and to impose a greater degree of accountability on the office of the state attorney in order to provide greater protection to the citizenry. Thus, I would grant rehearing and affirm the trial court’s dismissal of the information.